NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS C. UNIGWE,

Defendant - Appellant.

No. 24-2120

D.C. No.
1:21-cr-00019-JCC-4

MEMORANDUM[*]

Appeal from the District Court of Guam
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 4, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Defendant Marcus Unigwe appeals the district court's imposition of an 18-month sentence of incarceration for conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371 and 1960. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review "the district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion." *United States v. George*, 949 F.3d 1181, 1184 (9th Cir. 2020). "An error in calculating a criminal defendant's Guidelines range is subject to harmless-error review." *United States v. Prigan*, 8 F.4th 1115, 1122 (9th Cir. 2021). Typically, an error in calculating a Guidelines range is reversible error. *Id*. However, an exception to this rule is the "unusual circumstance" where it is clear from the record that the district court based the sentence on factors independent of the Guidelines. *See Molina-Martinez v. United States*, 578 U.S. 189, 200–01 (2016).

Unigwe challenges two aspects of the district court's calculation of his Sentencing Guidelines range. First, Unigwe challenges the application of a two-level enhancement to his Sentencing Guidelines level for handling funds he "knew or believed . . . were proceeds of unlawful activity." USSG § 2S1.3(b)(1)(A). Second, Unigwe challenges the district court's decision not to apply a two-level reduction for zero-point offenders if the defendant did not "personally cause substantial financial hardship." USSG § 4C1.1(a)(6).

1.      The district court did not clearly err when it determined that the government had proven by a preponderance of the evidence that Unigwe knew or believed the funds he was handling were the proceeds of unlawful activity.

USSG § 2S1.3(b)(1)(A); *United States v. Lucas*, 101 F.4th 1158, 1159 (9th Cir. 2024) (en banc). In the plea agreement, Unigwe stipulated that he "engaged in a conspiracy with others, known and unknown, to operate an unlicensed money transmitting business involving the transportation of funds that were derived from a criminal offense, to wit, an advance fee inheritance scam conducted via the internet that involved Guam-based victims." Unigwe also admitted that he was a member of a conspiracy to transport funds "derived from a criminal offense." Finally, the government presented substantial circumstantial evidence that Unigwe knew the funds were unlawful: (1) the amount of the funds; (2) the funds did not come directly from his friends who asked him for assistance but mostly from other persons and businesses located in Texas; (3) evidence that Unigwe withdrew a large quantity of the deposits in cash and used some of the money for his own personal expenses; and (4) chat sequences establishing Unigwe's knowledge of how to transfer money internationally and his awareness that money laundering was unlawful. Thus, the district court did not abuse its discretion when it applied the two-level enhancement in USSG § 2S1.3(b)(1)(A).

2.      The district court recognized that, at the time of sentencing, we had not yet had the opportunity to interpret "personally caused" in USSG § 4C1.1(a)(6). We decline to do so now. Even if the district court abused its discretion in declining to apply the zero-point offender reduction, it is clear from

the record that the district court thought the sentence was appropriate irrespective of the calculated Guidelines range. *See Molina-Martinez*, 578 U.S. at 201. In fixing the sentence, the district court clearly stated that it was basing the sentence on considerations separate from the Guidelines. *Id.* The district court placed a "particular emphasis on the avoidance of disparity" and concluded that an 18-month period of incarceration was appropriate in comparison to the sentences received by other defendants who had participated in the same fraudulent scheme. The record shows that the court "disregard[ed] the portions of the presentence report that [were] objected to in fixing the sentence," including Unigwe's objections to the Guidelines calculation. Because the sentence was clearly based on factors other than the Guidelines range, any error in the Guidelines calculation was harmless.

      **AFFIRMED.**